GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY ET AL. v. W. M. NOELKE.

Decided February 23, 1910.

**1.—Evidence—Opinion—Hypothetical Question.**

Witnesses should not be permitted to give their opinions in answer to hypothetical questions which embrace facts not supported by the evidence.

**2.—Evidence—Opinion.**

A witness who testified that he could not, after four years, remember the exact words of his conversation with plaintiff, may still be permitted to state that he did not make a certain statement or give a certain promise at that time.

**3.—Damages—Charge—Transportation of Cattle.**

Damages being claimed for injury to cattle both by failure to furnish cars at the time agreed and by delay and bad handling in their transportation, an instruction which made the measure of damages in case of recovery the difference between the value at destination when delivered and the same at the time they should have been delivered according to contract, was erroneous in permitting a recovery of damages under both issues upon proof sustaining either.

**4.—Damages—Pleading—Charge.**

Where there is proof of damages in excess of those alleged, recovery should be limited by the instructions to the amount pleaded.

**5.—Transportation of Live Stock—Loss of Market.**

Where delay in transportation of live stock to market was claimed to have caused loss by decline in the market, defendant was entitled, upon proof making such instructions appropriate, to a requested charge disallowing such decline from the market price of a previous day if the cattle, transported in proper time, would not have reached destination in time to be put on the market on that day.

Appeal from the District Court of Bell County. Tried below before Hon. John M. Furman.

*Baker, Botts, Parker & Garwood, R. J. Boyle, Coke, Miller &*

*Coke* and *Tyler & Tyler,* for appellants.—The hypothetical question was not based upon facts in evidence. Texas & P. Ry. Co. v. Leggett, 44 Texas Civ. App., 297.

When a witness can not remember the exact words of a conversation he should be permitted to state the substance thereof, or "where the defect is a failure to remember the exact words or forms of expression, while the impression or idea conveyed is distinct and clear, the evidence should be admitted." Texas & P. Ry. Co. v. Barron, 4 Texas Civ. App., 546.

The charge authorizes a recovery of all damages resulting both from failure to furnish cars and from delay and careless handling in transportation, if the jury found defendants liable on either issue, and is therefore clearly erroneous. International & G. N. Ry. Co. v. Startz, 42 Texas Civ. App., 85.

On loss of market by delay: Waco Artesian Water Co. v. Cauble, 19 Texas Civ. App., 416; Galveston, H. & S. A. Ry. Co. v. Becht, 21 S. W., 971; Simpkins on Contracts & Sales, 265, and authorities cited.

*John B. Durrett* and *Hill & Lee,* for appellee.—Whether the hypothetical question stated the facts in evidence correctly or not was a question of the weight of the testimony to be passed upon by the jury and not one of admissibility.

The objection to the questions that they called for a conclusion of law, was a valid one and the court did not err in sustaining it. The question as to whether a promise was given was equivalent to the question as to whether a contract was made and was for the jury to decide from the evidence showing what was said by the parties to the alleged contract.

The charge complained of is not subject to the objections urged by appellant for the reason that the court throughout the entire charge treated plaintiff's cause of actions as a whole and placed the burden of proof upon him to establish the liability of defendant, both for delay in furnishing cars and for delay in transportation, before he could recover; and under said charge it was necessary for the jury to find defendant negligent in both particulars before they could find for plaintiff.

KEY, ASSOCIATE JUSTICE.—The following statement of the nature and result of this suit contained in appellants' brief is acquiesced in by appellee: "This was a suit by W. M. Noelke, instituted in the District Court of Bell County, December 15, 1905, against the Galveston, Harrisburg & San Antonio Railway Company, the San Antonio & Aransas Pass Railway Company, the Missouri, Kansas & Texas Railway Company of Texas, and the Missouri, Kansas & Texas Railway Company, alleged by plaintiff to be partners, to recover damages for breach of an alleged contract to furnish seventeen stock cars at Standart, Texas, a station on the line of the first named defendant, on June 9th, 1904, for a shipment of 412 head of beef cattle from said station to National Stock Yards, Illinois, for alleged negligent failure to furnish said cars until June 17, 1904, and for

alleged negligence in handling and unreasonable delays in the transportation of said cattle, whereby it was alleged that they were damaged by loss in weight, by bad appearance, and by fall of the market, in the sum of $2,343.28, which amount was by plaintiff's first amended original petition, filed November 3, 1908, increased to $4,120, and whereby it was alleged that the plaintiff had been further damaged in the sum of $500, the alleged expense of holding said cattle at Standart awaiting the arrival of said cars.

"The defendants jointly plead the general denial, the statute of limitation of two years in bar of the additional damages set up in the first amended original petition, and further plead the several stipulations in the written contract of shipment, among them: (1) The provision exempting the defendants from liability for damages for loss, injury or delay not resulting from their negligence or that of their employes. (2) The stipulation that the shipper would load, unload, feed, water and attend to his stock at his own risk and expense. (3) That any person accompanying said stock, being furnished transportation by defendants, was the agent of the shipper during the transportation of the cattle, and that upon said contract defendants issued passes to William Noelke, W. H. Dockery, A. Vaughan and D. R. Bourland. Further, the defendants plead that at the time plaintiff applied for cars he was notified of the great press of business and scarcity of cars existing, and was advised not to bring in his cattle until the cars were in sight.

"By his supplemental petition plaintiff plead general denial, and, under oath, that the live stock contract alleged by defendants was without consideration.

"Trial before a jury resulted on November 26, 1908, in a verdict and judgment for plaintiff against defendants jointly and severally for $4,031.65. Defendants in due time filed their motions for new trial, and thereafter amended motions, which were presented to the court and overruled, whereupon defendants excepted and gave notice of appeal, and said appeal having been duly perfected, the cause is before this court for review."

The sixth assignment of error is addressed to the action of the trial court in overruling appellants' objection to a hypothetical question to the witness E. B. Baggett, and his answer thereto. The question and answer referred to read as follows:

"Q. To make a hypothetical case to you, 412 steers of beef cattle, grass-fed cattle, are topped from a 6000 bunch, and the steers, sixty or seventy of them, ranging from six to eight years old, and the others four to five years old, what effect would it have on that class of cattle to be held in a small trap eight days, awaiting shipment, then loaded on the cars and run forty to forty-three hours, without feed or water, then fed, watered and rested, reloaded upon the cars and run from fifty to fifty-eight hours without feed, water and rest, and reaching their market, being one day longer than the ordinary transportation of such cattle, what, in your opinion, would be the aggregate loss in weight upon that class of cattle?

"A. My idea would be, all the way from 140 to 200."

The question was objected to, among other reasons, because the

testimony did not support the hypothetical question. That objection should have been sustained, because the testimony fails to show that the cattle were carried fifty to fifty-eight hours without feed, water and rest. On the contrary, the undisputed testimony shows that the run referred to was made in a little over forty-three and less than forty-four hours.

The seventh assignment complains of the ruling sustaining objections to certain questions propounded by appellants to the witness W. S. Whitworth. The bill of exceptions reads as follows:

"Plaintiff having testified that Mr. W. S. Whitworth, acting for defendants, contracted on June 5, 1904, to furnish seventeen cattle cars to plaintiff, at Standart, Texas, on June 9, and plaintiff himself having testified that he requested cars of Mr. Whitworth on June 5, and that Mr. Whitworth answered, 'All right, you can have the cars,' and the witness Whitworth having testified that on June 5 he had orders on file for a great many more cars than were in sight on his .division, and having further testified that he could not (four years later) remember the exact words of his conversation with plaintiff, aforesaid, upon which this suit is mainly founded, was asked by defendants' counsel the following questions:

"Q. I will ask you, in case you had not the cars in sight on your division, or knew exactly where you were going to get the cars, did you ever promise Noelke, or any other shipper, to deliver cars on that particular, or any particular, dates?

"Q. Can you state positively whether or not you ever promised Mr. Noelke to put those cars at Standart on the 9th?

"Q. Did you ever say to Mr. Noelke, or anyone else, unless you had the cars in sight, that you would furnish cars to be loaded on any particular day or date?

"To each of the questions plaintiff objected, upon the ground that the question called for a conclusion of law; which objections were sustained by the court, and the witness not permitted to answer said questions, and the questions and testimony excluded from evidence, to which ruling of the court, defendants, by attorneys, then and there excepted.

"That had witness been permitted, he would have testified, in answer to said questions, that he did not state to Mr. Noelke that cars would be furnished at Standart on the 9th of June, and that he never, in his whole experience, stated to a shipper that cars would be furnished on any particular date, unless the cars were at that time in sight on his division."

It will be noted that the testimony was objected to on the ground that it was a conclusion of law. Most assuredly, that objection was untenable. The answer which the bill shows the witness would have given would not have embodied, asserted or intimated any conclusion of law. But, in order that no misapprehension may exist concerning the admissibility of the testimony, we deem it proper to state that our ruling would have been the same if the testimony had been objected to upon the ground of being a conclusion of fact or the witness's opinion relating to a certain matter. When a contract is not in writing, or when, in any other respect, the rights of the liti-

gant depend upon whether or not a particular person made certain statements on a particular occasion, if the person referred to is offered as a witness, and states that he can not remember exactly what was said, it is competent for such witness to state whether he did or did not use the language attributed to him. It may be conceded that such testimony in a sense embraces the opinion or conclusion of the witness, but it should not be excluded for that reason. As shown by Professor Wigmore in his valuable treatise on Evidence, nearly all oral testimony involves inferences or conclusions of the witness. In a prosecution for theft the alleged owner is permitted to testify that the property belongs to him, while, as a matter of fact, it may belong to some other person. The answer which he gives embodies conclusions drawn by him from certain other facts, and from his opinion of the law applicable to such facts. Nevertheless, his testimony, stating that he is the owner of the property, while not conclusive, is properly admitted as testimony. Furthermore, there is another class of cases in which it is admissible for a witness to give his opinion—when he states the facts upon which it is based, and the testimony under consideration comes within that rule. If a witness should be asked whether or not, on a certain occasion, he had repeated a certain poem, it would be competent for him to answer that he had not, because he had never read or heard of the poem referred to and could not repeat it.

The plaintiff sought to recover damages for injuries sustained by his cattle and also the expense incurred by him in holding the cattle while awaiting the arrival of the cars at Standart. Thus it will be seen that the jury might have found for him upon one issue and against him upon the other. If they found for him for injuries sustained by the cattle, and against him upon his right to recover expenses in holding the cattle, his measure of damages should have been limited to compensation for injury to the cattle, yet the court instructed the jury as follows: "If you find for the plaintiff, you will assess his damages at such sum as the evidence may show will justly and fairly compensate for such damages as are the direct and proximate result of defendants' negligence, if any, and in assessing damages as to shrinkage, loss of weight and looks and value in said cattle, the measure of damages which you must observe is the difference, if any, in the market value of the said cattle at the point of destination at the time when they were delivered, and the market value of said cattle at the time they should have been delivered according to the contract at the said place of destination, and you may also take into account any reasonable and necessary expense which the evidence may show, if any, was incurred by plaintiff in holding and caring for said cattle while awaiting the arrival of said cars at Standart."

We sustain appellants' first objection to that charge, which is, it authorized a recovery of all damages resulting both from failure to furnish cars and from delay and careless handling in transportation, if the jury found appellants liable upon either issue, and is therefore erroneous.

This charge seems also to be subject to the further criticism that

it did not limit the right to recover for expenses to those alleged in the petition, there being testimony tending to show more expense than the plaintiff sought to recover.

The tenth and twelfth assignments of error complain of the refusal of the following instructions requested by appellants:

"If you find that plaintiff's cattle were delayed in transit, and that a portion of the delay was unavoidable, and a portion due to the negligence of the defendants, but that had they not sustained the negligent delay, they would still have reached the stock yards in East St. Louis after market hours of the 21st of June, 1904, then plaintiff is not entitled to any damages for delay of this shipment in transit."

"If you believe from the evidence that cattle shipments transported over defendants' lines with the usual dispatch from Standart, Texas, reach the St. Louis market too late to be sold on the fourth day, after leaving Standart, then you are charged that the condition of the St. Louis market on the 13th day of June, 1904, is immaterial in this case, and you will not consider any evidence introduced to show the condition of said market on June 13, 1904."

These charges announce correct propositions of law upon points not as fully covered by the court's charge; and, there being testimony tending to support the theories to which they relate, the trial court should have given them.

There are other assignments of error, presenting many other questions of law, which we deem it unnecessary to consider at length in this opinion. Suffice it to say that we rule against appellants on all other questions, and hold that no errors have been pointed out other than those discussed in this opinion, and for which the judgment is reversed and the cause remanded.

*Reversed and remanded.*