LOUIS TORTORA, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

(Claim No. 21971.)

168

(Argued October 11, 1935; decided November 19, 1935.)

*John J. Bennett, Jr.,* Attorney-General (*Leon M. Layden* of counsel), for appellant. The doctrine of *res ipsa loquitur* has no application. (*Marceau* v. *Rutland R. R. Co.,* 211 N. Y. 203; *Hardie* v. *Boland Co.,* 205 N. Y. 336; *Francey* v. *Rutland R. R. Co.,* 222 N. Y. 482; *Whitcher* v. *Board of Education,* 233 App. Div. 184; 236 App. Div. 293; *Plumb* v. *Richmond Light & R. R. Co.,* 233 N. Y. 285; *Galbraith* v. *Busch,* 267 N. Y. 230; *Slater* v. *Barnes,* 241 N. Y. 284.)

*James A. Leary* and *Walter A. Fullerton* for respondent. Claimant is entitled to the most favorable view of the evidence. (*Quinlan* v. *Welch,* 141 N. Y. 158; *Crapo* v. *City of Syracuse,* 183 N. Y. 395; *People* v. *Journal Co.,* 213 N. Y. 1; *Jerome* v. *Queen City Cycle Co.,* 163 N. Y. 351; *Fealey* v. *Bull,* 163 N. Y. 397; *King* v. *Village of Fort Ann,* 180 N. Y. 496; *Koehler* v. *New York Steam Co.,* 183 N. Y. 1; *Rush* v. *Bauland Co.,* 82 App. Div. 506; *World Exchange Bank* v. *Commercial Casualty Ins. Co.,* 255 N. Y. 1; *Haber* v. *Paramount Ice Corp.,* 264 N. Y. 98.) The State was negligent. (*Stubbs* v. *City of Rochester,* 226 N. Y. 516; *Burd* v. *Bleischer,* 208 App. Div. 499; *Hancock* v. *Steber,* 208 App. Div. 455; *Schwier* v. *N. Y. C. & H. R. R. R. Co.,* 90 N. Y. 558; *Koehler* v. *New York Steam Co.,* 183 N. Y. 1; *Hart* v. *Hudson River Bridge Co.,* 80 N. Y. 622; *Henry & Co.* v. *Talcott,* 175 N. Y. 385; *Conway* v. *Naylor,* 222 N. Y. 437; *Warner* v. *N. Y., O.*

& W. Ry. Co., 209 App. Div. 211; *Barrett* v. *Lake Ontario Beach Imp. Co.*, 174 N. Y. 310; *Condran* v. *Park & Tilford*, 213 N. Y. 341; *Meisle* v. *N. Y. C. & H. R. R. R. Co.*, 219 N. Y. 317; *Robert* v. *U. S. S. B. Emergency Fleet Corp.*, 240 N. Y. 474; *Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567; 260 N. Y. 604; *Munsey* v. *Webb*, 231 U. S. 150.) The principle of *res ipsa loquitur* applies. (*Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 297; *Griffen* v. *Manice*, 166 N. Y. 188; *Marceau* v. *Rutland R. R. Co.*, 211 N. Y. 203; *Galbraith* v. *Busch*, 267 N. Y. 230; *Webster* v. *Richmond Light & R. R. Co.*, 158 App. Div. 210; *Ward* v. *Iroquois Gas Corp.*, 233 App. Div. 127; 258 N. Y. 124; *Whitcher* v. *Board of Education*, 236 App. Div. 293.)

CROUCH, J. The claim of the respondent as claimant in the Court of Claims was dismissed at the close of his case; the Appellate Division reversed and ordered a new trial, from which appeal was taken on a stipulation for judgment absolute.

The claimant, while an inmate of Sing Sing Prison, started a fire in a stove which had been supplied and installed by the prison authorities for his use in warming a small fire house. The stove, previously used in the warden's garage, had been there connected with a hot water tank by two pipes running up the back of the stove, which were still attached. It had not been actually in use for some four months previously.

After the fire was fairly going, the claimant returned to put on more coal. The stove then exploded, seriously injuring him. He testified that before it blew up he saw " smoke " issuing from the pipes in the rear. A heating engineer testified that unless the stove had been turned upside down and drained, water would remain in it, and if confined by an obstruction of the pipes would explode when a fire was started. From these facts the Appellate Division has inferred that steam was the explosive force. It is argued by appellant that the doctrine of *res ipsa*

*loquitur* does not apply to the case, because the explosion might have been caused by some other agency or some latent defect in the stove, as in *Galbraith* v. *Busch* (267 N. Y. 230).

When an automobile swerves and leaves the road for no definitely assignable reason, it is altogether possible that the accident was due to either of several causes, the failure of the steering gear or a lapse on the part of the driver. Both frequently happen. When a cable parts, as in *Duhme* v. *Hamburg-American Packet Co.* (184 N. Y. 404) or *Anderson* v. *International M. M. Co.* (238 App. Div. 509; affd., 264 N. Y. 425), it may with fair likelihood be the result either of a defect in the cable or a sudden strain applied to it. In all such cases the balance of probabilities between causes which entail liability and others which do not is equal enough so that an inference of fact which entails liability is the result of mere speculation.

Inference is never certainty, but it may be plain enough to justify a finding of fact. (*Hart* v. *Hudson River Bridge Co.*, 80 N. Y. 622.) The operation of a stove cannot cause it to explode, if it does not contain confined water or some other explosive. It is conceivable that there might have been some other explosive in the stove, but it is so far unlikely that no definite hypothesis of this is even suggested by the appellant. The only reasonable conclusion is that this was attributable to the cause assigned by claimant's witnesses, and the inference from this is that it was due to negligence on the part of the appellant, for the result was predictable and the condition one which could easily be ascertained.

The order should be affirmed and judgment absolute ordered against the appellant on the stipulation, with costs in all courts, the damages to be fixed by the Court of Claims.

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN and FINCH, JJ., concur; HUBBS, J., not sitting.

Ordered accordingly.