■ KATHERINE T. WRAGGE, as Administratrix of the Estate of FREDERICK J. HERHOLDT, Deceased, Respondent, v. LIZZA ASPHALT CONSTRUCTION CO., INC., et al., Defendants, and APPROVED SAND & GRAVEL CORP. et al., Appellants. (Action No. 1.) ANTHONY MARMORALE, as Administrator of the Estate of SUSAN MARMORALE, Deceased, Respondent-Appellant, v. HENRY WRAGGE, Respondent, et al., Defendants, and APPROVED SAND & GRAVEL CORP. et al., Appellants. (Action No. 2.) — In two actions to recover, *inter alia,* damages for wrongful death (respectively designated "Action No. 1" and "Action No. 2), the parties appeal as follows: (1) Defendants Approved Sand & Gravel Corp. and Fehr Sand & Gravel, Inc., appeal from so much of two separate judgments of the Supreme Court, Nassau County, respectively entered April 2, 1964 and April 1, 1964 after a joint trial, upon a jury's verdict, as awarded damages against them in favor of the plaintiff in each such action; and (2) the plaintiff in Action No. 2 appeals from so much of the judgment in said action as dismissed the complaint against the defendant Henry Wragge. On appeal by the plaintiff in Action No. 2: Judgment, insofar as appealed from, affirmed, without costs. On appeal by the defendants Approved Sand & Gravel Corp. and Fehr Sand & Gravel, Inc.: Judgments in Actions No. 1 and No. 2, insofar as appealed from, reversed on the law and the facts, without costs, and complaints dismissed, without costs. Plaintiffs' respective intestates were killed on January 19, 1960 while driving at night, when their automobile (owned by

defendant Henry Wragge) left the road at a curve and crashed into a telephone pole. The pole marked the point of divergence between the old and the new road which respectively passed to the west and to the east of the pole. The defendant gravel companies are abutting landowners. No witness saw the accident happen; and the victims did not live long enough to say anything to those who came to their aid. At the time of the accident, a large puddle of slush and ice existed on the road in front of defendant gravel companies' premises which were some distance to the north and down grade from the pole. The southerly edge of the ice, as measured shortly after the accident, was 120 feet from the pole. From the picture of the accident in evidence, it is clear that the victims were traveling south. On the evening before the accident .34 inches of freezing rain had fallen; and snow, which had partially melted during the day of the accident, lay along the edges of the road. The accident happened at 9:25 P.M. and the temperature, which was then 31, had fallen to the freezing mark at 8:00 P.M. on that night. There was also evidence, however, that three or four days prior to the accident, a sump on the gravel companies' property had broken and had discharged a large quantity of water which eventually ran into the road somewhat to the north of their premises. There was testimony by a witness for the plaintiff that, on the night of the accident, he skidded twice on the ice as he approached the curve in his own car; and that on one of such occasions, he had narrowly missed the same pole with which the victims later collided. The gravel companies contend that plaintiffs failed to show: (1) that they (the companies) were guilty of any negligence; (2) that the ice was the result of their actions; and (3) that there was any connection between the existence of the ice and the happening of the accident. Although there was evidence from which the jury might find that the gravel companies' negligence caused the overflowing of the sump, to attribute to them the responsibility for the ice which existed on the road for two days after the sump apparently had stopped flowing, is neither a fair nor logical inference, since the melting snow and the previous day's rain might also have caused this ice. Even if it be assumed that there was evidence from which the jury could find that the ice resulted in part from the gravel companies' negligence, and not from melting snow or accumulated rain alone, there was no evidence to connect the existence of the ice with this accident. As pointed out by Judge CROUCH in *Tortora* v. *State of New York* (269 N. Y. 167, 170): "When an automobile swerves and leaves the road for no definitely assignable reason, it is altogether possible that the accident was due to either of several causes, the failure of the steering gear or a lapse on the part of the driver. Both frequently happen. * * * In all such cases the balance of probabilities between causes which entail liability and others which do not is equal enough so that an inference of fact which entails liability is the result of mere speculation." And as the court observed in *Ingersoll* v. *Liberty Bank of Buffalo* (278 N. Y. 1, 7), while the plaintiff is not required to offer evidence positively excluding "every other possible cause of the accident," nevertheless, where it is just as reasonable and probable that the injury was the result of one cause for which defendant was not responsible, as of another cause for which defendant was responsible, the plaintiff cannot have recovery. Here, the possibility that the driver was confused by the divergence of the roads, or that he was forced off the curve by an oncoming or passing car, or that for some other reason he had lost control of the automobile is not, in our opinion, remote. The circumstances are very similar to those existing in *Boyce Motor Lines* v. *State of New York* (280 App. Div. 693, affd. 306 N. Y. 801), where the court dismissed the claim that, because of the dangerous condition of the road, plaintiff's intestate had been killed when he drove off the road at night. In that case the court found the testimony by an engineer to

the effect that the road was dangerous to be insufficient to fasten liability on the State when other causes of the accident were equally plausible. In this case, as in the *Boyce* case, the question as to the cause of the accident can be answered only by conjecture and speculation. Hence, the judgment must be reversed and the complaints dismissed as against the abutting landowners, the gravel companies. For the same reasons, the judgment in favor of the defendant Henry Wragge, the owner of the car, must be affirmed. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.