**Albert E. BOULTER and Richard E. Davis, Plaintiffs-Appellants,**

v.

**CHESAPEAKE AND OHIO RAILROAD COMPANY, Defendant-Appellee.**

**No. 20894.**

United States Court of Appeals, Sixth Circuit.

April 30, 1971.

John James Grech, Detroit, Mich., for plaintiffs-appellants; Ripple & Chambers, Detroit, Mich., on brief.

Walter A. Kleinert, Detroit, Mich., for defendant-appellee; Robert A. Straub, Southfield, Mich., on brief.

Before EDWARDS, CELEBREZZE and BROOKS, Circuit Judges.

**336**

PER CURIAM:

This is an appeal from the United States District Court for the Eastern District of Michigan, Southern Division, in a case involving a collision between a truck and a train. The driver and a passenger of the truck brought suit against the Chesapeake and Ohio Railroad for failing to provide adequate warning systems at the railroad crossing where the accident occurred. The Chesapeake and Ohio Railroad contended that they did provide adequate warning including a signaling bell, flashing lights and a protective short-arm warning bar and that, in any event, the driver of the truck was negligent in the operation of his vehicle. The Chesapeake and Ohio Railroad introduced substantial evidence to support its contentions. The case was tried before a jury and the jury returned a verdict in favor of the Chesapeake and Ohio Railroad and against the driver of the truck and his passenger.

Of the issues raised on appeal, two merit discussion. First, Appellants contend the District Court improperly prohibited them from calling as rebuttal witnesses two employees of the Chesapeake and Ohio Railroad. These witnesses had originally been called by Appellants under Rule 43(b) and the District Court properly held that ordinary employees of the railroad were not subject to cross-examination as hostile witnesses under the terms of this rule. However, we believe that in the colloquy between the Court and Appellants' counsel, Appellants' counsel finally sought to call one of these witnesses as his own witness.

■ Rule 43(b), F.R.C.P. grants the trial court discretion in determining the scope of the examination and cross examination of witnesses. It does not grant the trial court the power to preclude a party from calling as his own witness a man who may possess relevant and admissible information, but also happens to be an employee of the adverse party. That the trial court does not have such a power is corroborated by Rule 43

(a), F.R.C.P., which by its own terms "favors the reception of * * * [relevant] evidence." Rule 43(a), F.R.C.P., 5 Moore, Par. 43.04 2d Ed. We find that the District Court erred in holding that Rule 43(b) precludes a party from offering relevant and competent testimonial evidence of an employee of the adverse party unless the adverse party first calls his employee in the presentation of his case.

■ However, in the instant case, the Appellants had statements from each of the excluded witnesses and a deposition of one of them. Nevertheless, the Appellants failed to make to the court a "specific offer of what [they] expect[ed] to prove by the answer[s] of the witness[es]" as provided for by Rule 43(c), Federal Rules of Civil Procedure. Where such an offer of proof has not been made, it is difficult for an appellate court to review the evidence and determine whether or not the erroneous exclusion of evidence "affects the substantial rights of the parties." Rule 61, F.R.C.P. There is nothing in the record to indicate precisely what the witnesses would have said or whether such testimony would have even been favorable to Appellants. Under such circumstances, we find that although the District Court erred in excluding the testimony of Appellants' rebuttal witnesses, such error was "harmless." Rule 61, Federal Rules of Civil Procedure.

Second, Appellants contend it was error for the District Court to prohibit them in their oral argument to the jury from raising inferences about why certain witnesses were not called by the Appellee. This Court has stated that whether or not counsel may comment to a jury about the failure of an opposing party to call witnesses is generally a matter "entirely within [the trial court's] discretion." Gafford v. Trans-Texas Airways (299 F.2d 60, 64 (6th Cir. 1962). In many situations it would be improper for counsel to comment on the failure of a witness to testify because such inferences that are raised would be mere speculation not subject to

any cross examination. *See* Phillips v. Grand Trunk Western Railroad, 375 Mich. 244, 134 N.W.2d 201 (1965); Felice v. Long Island Railroad, 426 F.2d 192 (2d Cir. 1970). And in other situations, the failure to call a readily available eyewitness while relying on secondary and circumstantial evidence may well appear to raise logical inferences as to why the eyewitness was not called, Chesapeake and Ohio Railroad Co. v. Richardson, 116 F.2d 860, 865 (6th Cir. 1941), cert. denied 313 U.S. 574, 61 S.Ct. 961, 85 L.Ed. 1531.

■ However, in the context of the record before us on appeal, we find that the District Court did not abuse its discretion in denying the Appellants the right to comment on the failure of certain witnesses to testify.

We have considered the other issues raised by Appellants and they are wholly without merit.

Affirmed.