Victor and Marie PERKINS,
Plaintiffs-Appellants,

v.

VOLKSWAGEN OF AMERICA, INC., et
al., Defendants-Appellees.

No. 78–2746
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 8, 1979.

Roger J. LaRue, Jr., Metairie, La., for plaintiffs-appellants.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Robert E. Winn, J. David Forsyth, New Orleans, La., for defendants-appellees.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

VANCE, Circuit Judge:

On January 24, 1975, in St. Bernard Parish, Louisiana, a Ford Mustang driven by Henri Desrochers collided with a turning 1969 Volkswagen van driven by Victor Perkins. The left front bumper of the Mustang penetrated the front panel of the Volkswagen van, severed Perkins' left leg approximately two inches below his knee, and fractured Perkins' left femur. Victor Perkins brought this products liability action against Volkswagen of America, Inc. and Volkswagenwerk Aktiengesellschaft (Volkswagen) claiming that the van was not crashworthy. The suit was tried before a jury, but, at the end of plaintiff's presentation, the trial court granted Volkswagen's motion for a directed verdict. Victor Perkins appeals arguing that the trial court erred in refusing to accept Dr. Mehdy Sabbaghian as an expert in the field of automotive design, in preventing Perkins from showing the relative severity of injuries suffered by the other passengers in the Volkswagen van, in refusing to allow Perkins to examine a Volkswagen employee as a hostile witness by leading questions, and in directing a verdict in favor of Volkswagen. We affirm.

■ The admission or exclusion of expert testimony is a matter left to the discretion of the trial judge, and his or her decision will not be disturbed on appeal unless it is manifestly erroneous. *Salem v. United States Lines Co.,* 370 U.S. 31, 82 S.Ct. 1119, 8 L.Ed.2d 313 (1962); *Keystone Plastics, Inc. v. C & P Plastics, Inc.,* 506 F.2d 960 (5th Cir. 1975); *Stancill v. McKenzie Tank Lines, Inc.,* 497 F.2d 529 (5th Cir. 1974). *See* Fed.R.Evid. 702. The court permitted Dr. Sabbaghian, a specialist in mechanical engineering with no experience in designing entire automobiles, to express expert opinions on general mechanical engineering principles, but did not allow him to testify as an expert in automotive design. Because his decision was clearly not manifestly erroneous, we will not overturn it.

■ Similarly, the trial court has wide discretion in determining whether evidence is relevant and admissible. *See Wright v. Hartford Accident & Indemnity Co.,* 580 F.2d 809 (5th Cir. 1978); *Wallace v. Ener,* 521 F.2d 215 (5th Cir. 1975); Fed.R.Evid. 401, 402. By showing that the van's other passengers sustained only slight injuries, Perkins intended to promote the inference that, had the front panel of the van not been defective, Perkins would have been relatively uninjured. In deciding that the evidence was irrelevant and in excluding it, however, the court did not abuse its discretion.

■ After Dr. Sabbaghian testified, Perkins' counsel stated that he wished to call Mr. Frank Achcenich for cross-examination. Mr. Achcenich, who had not testified previously, is a Volkswagen employee. He was not listed in the pre-trial order by plaintiff, but was listed as an expert witness for defendants. Perkins' counsel stated that he wished to call Achcenich not as an expert witness but as a fact witness. The court instructed counsel that if called, Achcenich would be Perkins' own witness. Under those circumstances Perkins' counsel elected not to call Achcenich. He now urges that the ruling of the trial court conflicts with the provisions of Fed.R.Evid. 611(c) which allows interrogation by leading questions of "a witness identified with an adverse party."

We agree that the ruling of the trial court was incorrect. *See* 3 *Weinstein's Evidence* ¶ 611[05], at 611–58 (1978). Perkins, however, made no offer of proof and nothing in the record indicates what the witness would have testified if called or whether it would have been favorable to Perkins. The record therefore fails to demonstrate that Perkins was so prejudiced by the district court's ruling as to justify reversal. *See Securities Investment Co. v. Indian Waters*

*Development Co.,* 501 F.2d 662 (5th Cir. 1974); *Boulter v. Chesapeake & Ohio Railroad Co.,* 442 F.2d 335 (6th Cir. 1971).

Under Louisiana products liability law, Perkins had the burden of showing that the van was unreasonably dangerous, or defective, for normal use and that the defect caused his injuries. *See Perez v. Ford Motor Co.,* 497 F.2d 82, 86 (5th Cir. 1974). Viewing the evidence in the light most favorable to Perkins, we find that he did not meet this burden. *See Boeing Co. v. Shipman,* 411 F.2d 365 (5th Cir. 1969). Volkswagen's motion for a directed verdict thus was properly granted.

AFFIRMED.