878 F.2d 382
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrence L. BROWN, Defendant-Appellant.
 No. 88-4189.
 United States Court of Appeals, Sixth Circuit.
 June 30, 1989.
 
 Before KEITH and WELLFORD, Circuit Judges, and HORACE W. GILMORE, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant, Terrence L. Brown ("Brown") appeals his jury conviction for possession with intent to distribute cocaine base ("crack"). Brown contends that the initial stop and subsequent search was not justified by an articulable suspicion; that the district court erred in failing to properly instruct the jury on the definition of possession; and that the district court should not have permitted a police officer to testify as an expert about the significance of quantities of cocaine and the value of cocaine. For the reasons stated below, we affirm.
 
 
 2
 On June 21, 1988, a federal grand jury returned an indictment against Brown charging him with intent to distribute crack in violation of 21 U.S.C. Sec. 841(a)(1). After a two day trial, a jury returned a guilty verdict.
 
 
 3
 On June 17, 1988, a witness reported that a black Jeep with Michigan tags was involved in a drive-by shooting in a Columbus neighborhood known for drug trafficking. The police later stopped Brown, who was driving a vehicle fitting that description in a area near the alleged shootings. The police discovered that Brown was driving without a license and subsequently arrested him. A search conducted incident to that arrest revealed $150 and 40 units of crack found in the pocket of the jacket Brown was wearing. Brown's defense was that the jacket was not his and that the crack discovered in the pocket belonged to someone else.
 
 
 4
 Brown argues that the district court improperly instructed the jury on the definitions of "possession" and "knowingly." Brown contends that he borrowed the jacket from a friend and was unaware of the presence of crack in the pocket, and, therefore, he did not possess the mental state necessary to support a conviction. Brown claims that the jury believed his defense but was unable to acquit him because of the improper instruction.
 
 
 5
 In its instruction, the court defined the essential elements of the offense by instructing the jury that:
 
 
 6
 The first element the government must prove beyond a reasonable doubt is that the defendant did unlawfully possess a controlled substance, ... referred to as crack.
 
 
 7
 The term possess means that a person has actual physical custody of the controlled substance, or the ability to exercise substantial control over a controlled substance not within his physical custody.
 
 
 8
 The second element the government must prove beyond a reasonable doubt is that the defendant acted knowingly and with specific intent to distribute the controlled substance.
 
 
 9
 The court also defined "knowingly" as an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason. The court informed the jury that "knowledge may be established by direct or circumstantial evidence just as any other fact in the case." The court also charged the jury on the lesser included offense of simple possession; however, the jury returned a verdict of guilty on the indicted offense.
 
 
 10
 After reviewing the district court's instructions in their totality, we conclude that the instruction was clear and adequately advised the jury of the essential elements of the offense. Moreover, there was no specific objection by defense counsel regarding the charge as it relates to possession.
 
 
 11
 Brown contends that the district court should not have permitted Officer Kanz to testify regarding the significance of quantities of crack and the value of crack. We disagree. The decision to qualify someone as an expert is within the discretion of the district court and should not be disturbed on review unless manifestly erroneous. See Perkins v. Volkswagon America Inc., 596 F.2d 681, 682 (5th Cir.1979).
 
 
 12
 Officer Kanz's testimony was relevant to establish the issue of intent to distribute. Officer Kanz's experience and involvement in the seizure of unlawful drugs through controlled purchases qualified him as an expert on the purchase price and use of various quantities of crack. See United States v. Johnson, 575 F.2d 1347, 1360 (5th Cir.1978). Without the expert testimony of Officer Kanz, the jury would not have been able to evaluate all of the facts.[1] Since the decision to permit Officer Kanz's testimony was not "manifestly erroneous," we will not overturn it.
 
 
 13
 Brown also argues that Officer Kanz's testimony is based on hearsay. This argument is without merit, since Fed.R.Evid. 703 permits an expert to base his or her opinion on facts or data "perceived by or made known to the expert at or before the hearing." Moreover, defense counsel was free to challenge Officer Kanz's testimony on cross examination. Accordingly, the district court did not abuse its discretion by permitting Officer Kanz's testimony.
 
 
 14
 Finally, Brown argues that the initial stop was not justified. This argument is also without merit as there was an articulable suspicion for a stop and grounds for Brown's subsequent arrest.
 
 
 15
 Under Terry v. Ohio, 392 U.S. 1 (1968), the police may stop an individual if a reasonable suspicion exists. In this case, the police were responding to a complaint that a black man driving a black Jeep bearing Michigan tags was driving through a particular Columbus area shooting at passersby. Brown's car, which fit the description of the vehicle involved in drive-by shootings, was spotted in this same area. Thus, it was reasonable to draw the conclusion that Brown was involved in criminal activity. The police pulled Brown's car over at a stop sign and requested that he produce his driver's license, which he could not. Brown was subsequently arrested for violating a traffic offense. During the search incident to that arrest, the police seized the narcotics. Based on these facts, we hold that the arrest was lawful and consequently the search was valid.
 
 
 16
 Accordingly for all the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The police seized 40 quarter gram units of crack from Brown's jacket pocket. According to Officer Kanz testimony, a sliver of one gram is enough to sustain a twenty minute high and there are four to five slivers per quarter gram. Therefore, it is unusual for an individual to have 40 quarter gram units for his personal use