Phillip J. BIRCHFIELD et al., Petitioners,

v.

TEXARKANA MEMORIAL HOSPITAL d/b/a Wadley Hospital et al., Respondents.

No. C–5895.

Supreme Court of Texas.

Oct. 28, 1987.

Rehearing Denied April 20, 1988.

Frank L. Branson and Paul N. Gold, Law offices of Frank L. Branson, P.C., Dallas, Prof. J. Hadley Edgar, Texas Tech University, Lubbock, for petitioners.

Victor Hlavinka, Atchley, Russell, Waldrop & Hlavinka, John C. Hawkins, Jr., Texarkana, William A. Eldredge, Jr., Friday, Eldredge and Clark, Little Rock, Ark., for respondents.

WALLACE, Justice.

Kellie Birchfield was born prematurely with a congenitally functionless right eye. Shortly after her release from the hospital, she was diagnosed as having retrolental fibroplasia (RLF) in her left eye and is now totally blind. Her parents, Phillip and Mary Jo Birchfield, individually and as next friends of Kellie, sued Texarkana Memorial Hospital (Wadley) and her three treating physicians, Dr. Jon Hall, Dr. Noel Cowan, and Dr. Betty Lowe. The petition alleged negligence on the part of all four defendants plus a D.T.P.A. action against Wadley under the 1973 version of the Act. Deceptive Trade Practices Act, ch. 143, 1973 TEX. GEN. LAWS at 322–43. The jury answered all issues favorably to the Birchfields. The trial court rendered judgment for actual damages against all defendants and exemplary damages against Wadley, but refused to render judgment on the D.T.P.A. action. The court of appeals initially affirmed the judgment, 718 S.W.2d 313, but on rehearing, reversed and remanded for trial. 718 S.W.2d at 345. We reverse the judgment of the court of appeals and render judgment for the Birchfields.

As a premature infant, Kellie was administered approximately 400 hours of supplemental oxygen without adequate monitoring of arterial blood gases. This occurred even though a 1971 report published by the American Academy of Pediatrics cautioned the medical community about the danger of RLF in premature infants receiving supplemental oxygen, and advised practitioners to closely monitor arterial blood gases of such infants. In the wake of the report Dr. Lowe predicted at a pediatrics section meeting, attended by a Wadley administrator, that the hospital was "going to have blind babies" unless it acquired the facilities to adequately monitor blood gases. However, during the period from 1971 through 1973 Wadley expended approximately $200 per year for nursery improvements. Kellie was born in August of 1974.

The jury found the individual doctors negligent and Wadley both negligent and grossly negligent in failing to properly treat Kellie. It also found that Wadley had violated the D.T.P.A. by holding out to the Birchfields that the hospital was adequately equipped to handle premature babies when it was not. The damage award was

$2,111,500 actual damages against all defendants, jointly and severally, plus $1,200,000 exemplary damages against Wadley.

The issues before us fall within five groups: evidentiary, cumulative error, trial court bias, errors in the jury charge, and failure to award both exemplary and D.T.P. A. treble damages. We will discuss them in that order.

## EVIDENTIARY ISSUES

*Reference to Other "Blind Babies" and Other RLF Cases.*

 The court below held that evidence of other RLF cases was inadmissable, and that repeated references to "other blind babies" constituted harmful error. 718 S.W.2d at 341–45. We disagree. Evidence of a defendant's subjective knowledge of the peril created by his conduct is admissible to prove gross negligence. *Williams v. Steves Industries, Inc.*, 699 S.W.2d 570, 573 (Tex.1985). Dr. Lowe's prediction of "blind babies," the lack of remedial action by Wadley and the occurrence of other RLF cases were admissible to show Wadley's conscious indifference to the peril its conduct created. Wadley did not request an instruction limiting the evidence to that purpose, therefore it waived any complaint to general admission of the evidence. TEX.R.EVID. 105(a). This is some evidence of gross negligence and defeats Wadley's no evidence contention.

*Reference to Settlement of Another RLF Case.*

 Reference to settlement of another case is generally not admissible. TEX.R. EVID. 408. The Birchfields' expert witness made three passing remarks to the settlement. No timely objections to these remarks were made by the defendant and no timely request was made for instruction to the jury to disregard these references. The Birchfields' counsel referred to the settlement during voir dire and upon objection by defendant's counsel the court instructed the jury to disregard the reference. Counsel again referred to the settlement during closing argument and no objection was made nor instruction requested. During voir dire the jury was closely questioned by defendant's counsel about any bias arising from publicity about settlement of another RLF case. In view of the careful voir dire, the volume of testimony, and the full development of the case, we hold that the error was *not* reasonably calculated to cause and probably did *not* cause the rendition of an improper judgment. TEX.R.APP.P. 184(b); *Standard Fire Insurance Co. v. Reese*, 584 S.W.2d 835, 839–40 (Tex.1979).

*Admissibility of an Expert's Opinion on a Mixed Question of Law and Fact.*

 The Birchfields' expert witness testified on direct examination that Wadley's conduct constituted "negligence," "gross negligence," and "heedless and reckless conduct," and that certain acts were "proximate causes" of Kellie's blindness. Contrary to the holding of the court of appeals, such testimony is admissible. TEX.R. EVID. 704. Fairness and efficiency dictate that an expert may state an opinion on a mixed question of law and fact as long as the opinion is confined to the relevant issues and is based on proper legal concepts.

*Testimony of Expert Based on Conversation with Another Expert.*

 Ordinarily an expert witness should not be permitted to recount a hearsay conversation with a third person, even if that conversation forms part of the basis of his opinion. TEX.R.EVID. 801, 802. However, in this instance Dr. Eichenwald was invited to err by defendant's counsel telling him to "go right ahead" and explain an apparent inconsistency in his testimony. His explanation was based upon a conversation with another doctor. Also, Dr. Ehrenkranz was permitted to testify as to a telephone conversation with another doctor concerning transfer facilities at Wadley. This testimony was inadmissible but it was cumulative of other similar evidence and therefore harmless.

*Reference to Minutes of Hospital Section Meeting.*

 In questioning Wadley's administrator, the Birchfields' counsel asked if

the administrator had reviewed the minutes of the pediatrics section in preparation for his testimony. Such records are privileged from discovery. TEX.REV.CIV.STAT. ANN. art. 4447d(3) (Vernon 1976). In this single reference to the minutes, no mention was made of their contents. We hold that a mere reference to the existence of the minutes was at most harmless error.

*Evidence of Financial Condition of the Hospital.*

■■■ The Birchfields contended that Wadley was grossly negligent in refusing to provide proper facilities to monitor blood gases of premature infants even though they had the financial ability to do so. Evidence of the hospital's financial condition was admissible to show financial ability to provide proper facilities.

*Transcript of a Meeting Between Doctors and an Attorney.*

■■■ The trial court admitted into evidence portions of the transcript of a meeting attended by Dr. Hall, Dr. Lowe and other doctors with an attorney who had represented some of them in a prior lawsuit. The transcript indicated that both doctors were aware of the inadequate facilities at Wadley and it contradicted statements made by the doctors at the trial. The transcript was admissible as admissions by the doctors and its probative value outweighed the danger of undue prejudice and confusion. TEX.R.EVID. 801(e)(2)(A), (B) and 403. Also, no limiting instructions were requested by Wadley, so it waived any objection that the testimony was inadmissible to prove its liability.

## CUMULATIVE ERROR AND TRIAL COURT BIAS

■■■ The issues in this case were clearly defined, and all theories of all the parties were ably presented to the jury. The record consisted of approximately 4,500 pages. The few minor errors were insignificant when considered in the context of the entire case. We hold that any error did not individually or in the aggregate constitute reversible error.

■■■ The court of appeals did not rule on several of the defendants' points of error which assert failure of the trial court to conduct the trial in a fair and impartial manner. Those points are within our jurisdiction so we will rule on them rather than remand them to the court of appeals. *McKelvy v. Barber*, 381 S.W.2d 59, 64 (Tex. 1964). Our review of the record reveals no discernible bias or any suggestion to the jury that the trial court desired a particular result or that it favored the plaintiff.

## ALLEGED ERRORS IN THE COURT'S CHARGE

*The Locality Rule*

■■■ The charge defined negligence of the hospital as "the doing of that which an ordinary prudent hospital ... in the exercise of ordinary care would not have done *under the same or similar circumstances....*" (Emphasis added.) Ordinary care was defined as "that degree of care that a hospital of ordinary prudence ... would have exercised *under the same or similar circumstances.*" (Emphasis added.) Negligence and ordinary care of the physicians were similarly defined. These definitions closely parallel those contained in the Texas Pattern Jury Charges. *See*, 3 STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES, PJC 40.01, 40.02. The defendants attacked these definitions because they failed to refer to hospitals and physicians in "this or similar communities," and thus do not reflect the "locality rule." The purpose of the locality rule is to prevent unrealistic comparisons between the standards of practice in communities where resources and facilities might vastly differ. The definitions in the court's charge meet this concern, because the means available to the defendant are part of the pertinent "circumstances." *See, Hood v. Phillips*, 554 S.W.2d 160, 165 (Tex.1977). We hold that these definitions were proper, as did the court below. 718 S.W.2d at 332.

*Purported Comments on the Weight of the Evidence*

■■■ The Birchfields' Issues one through four were intended to broadly sub-

mit the questions of negligence and proximate cause. *See,* TEX.R.CIV.P. 277. The wording of these issues is fully set forth in the court of appeals' opinion. 718 S.W.2d at 329. Issue No. 1 is demonstrative of the form of each of these issues:

> Do you find from a preponderance of the evidence that Wadley Hospital ... [was] negligent in the care and treatment of Kellie Lee Birchfield with respect to any of the following which was a proximate cause of her blindness?
> Answer "yes" or "no" to each item.
> A. As to adequate nursing services
>
> _____
>
> . . . . .

F. As to charting _____

The defendants assert that the wording of these issues could be construed as indicating the trial court's opinion that one or more of the acts or omissions listed in subdivisions A–F *was* a proximate cause. We find the comments, if any, were at most incidental, and agree with the court of appeals' analysis and conclusion that the wording of these issues did not likely lead to the rendition of an improper judgment. 718 S.W.2d 330–32. In view of the record, we believe that the jury fully understood that the issue of proximate cause was entrusted to its decision.

## DAMAGES

*D.T.P.A. Damages*

 The Birchfields challenge the rulings of both the trial court and the court of appeals concerning questions of damages. At trial, the Birchfields secured jury findings that Wadley violated the Deceptive Trade Practices Act, that the Birchfields were adversely affected by that violation, and that Wadley was negligent and grossly negligent. The Birchfields argue that the courts below erred in failing to award *both* exemplary damages as found by the jury and treble damages under the D.T.P.A. We disagree. This argument overlooks the fact that the jury found that Wadley's deceptive act or practice, as well as each defendants' acts of negligence, were the proximate or producing cause of the *same* damages. *See, Allstate Ins. Co. v. Kelly,*

680 S.W.2d 595, 606 (Tex.App.—Tyler 1984, writ ref'd N.R.E.) The Birchfields' special issues on damages merely requested the jury to fix a sum of money which would compensate Kellie and her parents, "for the damages proximately resulting from the occurrence in question." In the absence of separate and distinct findings of actual damages on both the acts of negligence and the deceptive acts or practices, an award of exemplary damages *and* statutory treble damages would be necessarily predicated upon the same findings of actual damages and would amount to a double recovery of punitive damages. *Id.*

 In the alternative, the Birchfields claim that they were entitled to elect whether to recover the exemplary damages as found by the jury or statutory treble damages. In light of our holding that the Birchfields were not entitled to both treble and exemplary damages, they were confronted with a situation where an election would be required. *Kish v. Van Note,* 692 S.W.2d 463, 466–67 (Tex.1985). The court of appeals held that since the Birchfields, before entry of judgment, failed to unequivocally waive the findings on exemplary damages, they had waived their right to complain on appeal that the trial court erred in failing to award treble damages. 718 S.W.2d at 339. We find no support for that proposition. The judgment of the court should be "so framed as to give the party *all the relief* to which he may be entitled." TEX.R.CIV.P. 301, (emphasis added). While a formal waiver by the Birchfields would have been in order, it was not a prerequisite to the recovery of all of the damages to which they were lawfully entitled. *Hargrove v. Trinity Universal Insurance Co.,* 152 Tex. 243, 256 S.W.2d 73, 75 (1953). We hold that where the prevailing party fails to elect between alternative measures of damages, the court should utilize the findings affording the greater recovery and render judgment accordingly.

In light of its holding that the Birchfields had waived their complaints as to the trial court's judgment, the court of appeals did

not reach the question of whether the Birchfields were entitled to D.T.P.A. damages under the facts and the applicable version of the Act. 718 S.W.2d at 339. By way of cross-points, Wadley asserts that the Birchfields could not recover D.T.P.A. damages even if they hadn't waived their right to do so by failing to elect. Wadley contends that the jury findings do not support such a recovery because (1) the D.T.P.A. does not apply to health care providers; (2) the jury's verdict purportedly does not provide an appropriate factual basis for recovery under the D.T.P.A.; (3) Kellie Birchfield was not a "consumer" within the meaning of the act; and (4) there was allegedly no finding of actual damages upon which to predicate an award of treble damages. In the interest of judicial economy, we will address those contentions. *McKelvy v. Barber, supra.*

According to Wadley, the Legislature never intended that the D.T.P.A. should be applied to physicians and health care providers. As evidence of such intent, Wadley points to the enactment of TEX. REV. CIV. STAT. art. 4590i, § 12.01 (Vernon Supp.1987). However, Wadley concedes that this statute did not become effective until 1977, long after the incidents which gave rise to this suit. We find nothing in the 1973 version of the Act which manifests a legislative intent to exempt health care providers from liability. Accordingly, we find no basis for Wadley's claims of immunity or exemption from D.T. P.A. liability.

We also reject Wadley's contentions that the jury findings were inadequate because they made no inquiry as to any *affirmative* deceptive act, practice or representation. Under the 1973 version of the Act, a "failure to disclose" could be an adequate factual predicate for a D.T.P.A. violation, provided that the jury found that the failure to disclose was deceptive. *Cobb v. Dunlap,* 656 S.W.2d 550, 552 (Tex.App. —Corpus Christi 1983, writ ref'd n.r.e.). In this case, the jury so found. The jury's verdict thus provides an adequate basis for a recovery under the act.

Equally unpersuasive is Wadley's contention that Kellie Birchfield was not a consumer within the meaning of the D.T.P.A. A plaintiff establishes her standing as a consumer in terms of her relationship to a transaction, not by a contractual relationship with the defendant. *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705, 707 (Tex.1983). Wadley sold its goods and services and Kellie Birchfield "acquired" them, regardless of the fact that she obviously did not contract for them.

Finally, we reject Wadley's argument that there was no finding of actual damages resulting from the deceptive act or practice. The jury found that both Kellie and her parents had suffered damages "proximately resulting from the occurrence in question." Wadley argues that the term "occurrence in question" was too vague, and did not limit the jury's attention to the amount of damages resulting from the D.T. P.A. violation. Therefore, Wadley asserts that it would be inappropriate to simply equate the jury's general damage findings with the amount of actual damages caused by its deceptive practice. We disagree. Wadley failed to complain that the damage issues did not specifically relate to the Birchfields' grounds of recovery. *Cf. Wilgus v. Bond,* 730 S.W.2d 670 (Tex.1987). The objection was thereby waived. TEX.R. CIV.P. 274.

*Shock/Mental Anguish*

The jury awarded Kellie's parents $1,000 each for mental anguish suffered *"in the past,"* and also awarded the same amount for shock and emotional trauma sustained upon learning of her total and permanent blindness. The court of appeals set aside the latter award on the grounds that it constituted a double recovery for the same injury already compensated by the mental anguish award. 718 S.W. 2d at 337. We agree. Mental anguish consists of the emotional response of the plaintiff caused by the tortfeasor's conduct. *See, Moore v. Lillebo,* 722 S.W.2d 683, 687 (Tex.1986). On these facts, the "shock and emotional trauma" constituted

part of the *past* "mental anguish," and the trial court erred in rendering judgment for both shock and mental anguish.

We reverse the judgment of the court of appeals and render judgment as follows:

Kellie Birchfield shall recover $2,077,500 from Texarkana Memorial Hospital, Dr. Jon Hall, Dr. Noel Cowan, and Dr. Betty Lowe, jointly and severally. In addition, Kellie Birchfield shall recover $4,155,000 from Texarkana Memorial Hospital under the D.T.P.A. Phillip and Mary Jo Birchfield shall each recover $16,000 from Texarkana Memorial Hospital, Dr. Jon Hall, Dr. Noel Cowan, and Dr. Betty Lowe, jointly and severally. In addition, Phillip Birchfield and Mary Jo Birchfield shall each recover $32,000 from Texarkana Memorial Hospital under the D.T.P.A.