David LOUDER, Petitioner,

v.

Andres DE LEON, et al., Respondents.

No. C–7290.

Supreme Court of Texas.

June 15, 1988.

Donald M. Hunt, Carr, Evans, Fouts & Hunt, Lubbock, for. petitioner.

Carlton McLarty, Lubbock, for respondents.

PER CURIAM.

## OPINION ON APPLICATION FOR WRIT OF ERROR

This is a negligence case which arose out of an automobile collision. The trial court rendered a take-nothing judgment based on jury findings that plaintiff De Leon was 85% negligent. The court of appeals reversed and remanded, holding that the trial court erred by (1) overruling objections to the state trooper's testimony that De Leon's failure to yield the right-of-way was a proximate cause of the accident, and (2) overruling plaintiff De Leon's motion for mistrial when a state trooper testified that De Leon received a traffic citation. 743 S.W.2d 357. We deny Louder's application for writ of error, but write because a part of the court of appeals' opinion conflicts with this court's opinion in *Birchfield v. Texarkana Memorial Hospital,* 747 S.W. 2d 361 (Tex.1987).

Tex.R.Civ.Evid. 704 states: "Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Recently in *Birchfield,* we adhered to the plain language of that rule to hold that the testimony by the expert in that case on proximate cause was admissible. In so doing, we put to rest the difficult and confusing disputes

over whether or not an expert opinion concerns an ultimate fact. E. Cleary, McCormick On Evidence § 12 (3d ed. 1984). These disputes were a carryover from the time before Rule 704 was adopted when it was believed that expert testimony on the ultimate issue invaded the province of the jury. *Id.* Most jurisdictions have abandoned this viewpoint because excluding expert testimony on the ultimate issue is unduly restrictive, and the notion that opinions on ultimate facts usurp the jury's function is illogical. *Id.*

Jurors realize that they are the final triers to decide the issues. They may accept or reject an expert's view. Thus there is little danger in an expert's answer to an all-embracing question on a mixed question of law and fact. *See* Ladd, *Expert Testimony,* 5 Vand.L.Rev. 414, 424–25 (1952). "Fairness and efficiency dictate that an expert may state an opinion on a mixed question of law and fact as long as the opinion is confined to the relevant issues and is based on proper legal concepts." *Birchfield,* 747 S.W.2d at 365.

We note that other rules of evidence concerning expert testimony still come into play. The expert testimony on the mixed question of law and fact is still subject to Tex.R.Civ.Evid. 702 scrutiny as to whether it helps the trier of fact. It may also be tested under Tex.R.Civ.Evid. 403, and is subject to an objection of unfair prejudice, confusion of the issues, or misleading the jury. But as we held in *Birchfield,* and reiterate today, expert testimony on proximate cause is admissible as long as it is based on proper legal concepts.

We expressly disapprove the court of appeals' pronouncements regarding Tex.R. Civ.Evid. 704, and criticize its reasoning. However, we do not reverse because there is an additional point on which the court of appeals judgment could be sustained. *See McKelvy v. Barber,* 381 S.W.2d 59 (Tex. 1964). The court of appeals found that a review of the entire record established that the officer's testimony regarding a traffic ticket resulted in an improper verdict. While we do not approve or affirm this holding, it does not present to us error

requiring reversal. Therefore, we deny Louder's application for writ of error.