Margaret J. SMOGOR, etc., et al.,
Plaintiffs–Appellants,

v.

Russell A. ENKE, M.D., et al.,
Defendants–Appellees.

No. 88–2510.

United States Court of Appeals,
Fifth Circuit.

June 5, 1989.

Les Weisbrod, Michael S. Box, Dallas, Tex., for plaintiffs-appellants.

R. Brent Cooper, Michael W. Huddleston, Dallas, Tex., for Enke, NTC, & Hull.

Before BROWN, WILLIAMS and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this medical malpractice case, the jury returned a verdict for the defendant doctors. The plaintiffs appeal on the grounds that certain expert testimony should not have been excluded and that the verdict is against the great weight of the evidence. We find no merit in the appeal and affirm the judgment of the district court.

## I

In August 1984, Louis T. Smogor, who thirteen years earlier had suffered a heart attack, went to an emergency room complaining of chest pain. The emergency room doctor performed an EKG and some other tests. He then called Smogor's family physician, Paul G. Hull, M.D., who scheduled an appointment for the next morning. The next day, Hull examined Smogor, and scheduled a stress test for the following day with Russell A. Enke, M.D., a cardiologist. Enke took another EKG before the stress test. During the first stage of the stress test, Smogor experienced pain and the test was stopped. Smogor was hospitalized. The next day he died.

Members of the Smogor family sued Hull and Enke. The jury returned a verdict for the defendants, specifically finding that the doctors were not negligent. Judgment was entered on the verdict. The plaintiffs filed a motion for new trial, asserting that the verdict was against the great weight of the evidence. It was denied. The plaintiffs appeal.

## II

We first address whether the trial court abused its discretion in excluding expert testimony as to negligence and proximate causation. The plaintiffs sought to introduce the testimony of a medical expert, Dr. Dvonch, as to the ultimate issues of negligence, proximate causation, and gross negligence. Fed.R.Evid. 704(a) states that opinion testimony otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. This rule, however, does not allow witnesses to render conclusions of law. *Owen v. Kerr McGee Corp.,* 698 F.2d 236, 240 (5th Cir.1983). Unlike *Owen,* counsel here proposed to provide the expert witness with a precise statement of the law describing "negligence," "proximate cause," and "gross negligence," and then to ask the expert to apply the facts, thereby hoping to avoid exclusion of the testimony as legal conclusions. The trial court, however, sustained objections to the questions. The plaintiffs appeal the exclusion of the testimony. Relying on Rule 704(a), they argue that *Owen* does not control their facts, and Texas precedent, which we should follow, expressly allows such testimony. *See Birchfield v. Texarkana Memorial Hospital,* 747 S.W.2d 361 (Tex. 1987) (based on identical Texas rule of evidence). *But see Louder v. DeLeon,* 754 S.W.2d 148, 149 (Tex.1988) (explaining *Birchfield,* and noting that "expert testimony on the mixed question of law and fact is still subject to Tex.R.Civ.Evid. 702

scrutiny as to whether it helps the trier of fact").

The plaintiffs' legal argument as to the *admissibility* of the expert's opinion, whatever merit it may have, does not overcome our standard of review of the district court's evidentiary ruling. Simply because it would not be error to admit certain expert testimony does not mean it is error to exclude that testimony. Rule 702 authorizes the district court to admit expert testimony if it "will assist the trier of fact to understand the evidence or to determine a fact in issue...." Fed.R.Civ.P. 702. "The admission or exclusion of expert testimony is a matter left to the discretion of the trial judge, and his or her decision will not be disturbed on appeal unless it is manifestly erroneous." *Perkins v. Volkswagen of America, Inc.,* 596 F.2d 681, 682 (5th Cir. 1979). *See also Salem v. United States Lines Co.,* 370 U.S. 31, 35, 82 S.Ct. 1119, 1122, 8 L.Ed.2d 313 (1962) ("the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence, and his action is to be sustained unless manifestly erroneous"); *Phillips Oil Co. v. OKC Corp.,* 812 F.2d 265, 280 & n. 32 (5th Cir.1987) (quoting and relying on *Volkswagen,* and explaining that the "manifest error" standard is harmonious with the "abuse of discretion" standard as applied to this issue in other Fifth Circuit cases). The plaintiffs argue strenuously that Dr. Dvonch's testimony as to the ultimate issues of negligence, proximate causation, and gross negligence should be admissible under the federal rules, but they have provided no grounds for our holding that the exclusion of this testimony was manifest error. Instead, at oral argument, the plaintiffs' counsel asked this court to fashion a rule that would deny the district court discretion to exclude such evidence. Given Rule 702 and the cases cited above, we obviously cannot accede to this request, nor are we at all inclined to so do, even if we could. In sum, the exclusion of this specific expert testimony is not grounds for reversal.

## III

The other question on appeal is whether the trial court abused its discretion in denying the plaintiffs' motion for new trial. *See Dawsey v. Olin Corp.,* 782 F.2d 1254, 1261–62 (5th Cir.1986); *Bailey v. Southern Pac. Transportation Co.,* 613 F.2d 1385, 1391 (5th Cir.1980). New trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great weight of the evidence. *Conway v. Chemical Leaman Tank Lines, Inc.,* 610 F.2d 360, 363 (5th Cir.1980). The plaintiffs first challenge the jury verdict by arguing that doctors are supposed to inform patients of the risks inherent in medical procedures, *see Peterson v. Shields,* 652 S.W. 2d 929, 931 (Tex.1983), and that the jury ignored the overwhelming evidence of negligence in this respect. The theory of liability advanced by the plaintiffs at trial was that Dr. Enke failed to inform Smogor of the risks of the stress test or obtain Smogor's informed consent to undergo the test. The plaintiffs point to evidence that Enke did not personally tell Smogor of any risks of the stress test and argue further that the consent form signed by Smogor was inadequate.

The jury verdict, however, was not against the great weight of the evidence. Smogor did sign a consent form that explicitly informed him of the risk of death. A laboratory technician went over this form with Smogor. It violates no requirement of law for the doctor to delegate the duty to inform. This evidence that Enke did disclose the risks of the test supports the jury's verdict. Accordingly, we hold that the district court did not abuse its discretion in denying the plaintiffs' motion for a new trial on the issue of failure to inform.

The plaintiffs next challenge the jury's verdict as to other acts of Drs. Enke and Hull that were alleged to be negligent. The plaintiffs assert (1) that Hull's communication with Enke prior to the stress test was insufficient, (2) that the medical histories taken by both doctors were insufficient, and (3) that Enke should have compared his pre-test EKG with the EKG from the emergency room two days earlier. According to the plaintiffs, the jury's answers

to the special interrogatories 1 and 3, regarding negligence in general on the parts of Hull and Enke, respectively, were contrary to the great weight of the evidence establishing these three particular points. The plaintiffs refer to specific testimony supporting their claims of negligence. The defendants, on the other hand, point to evidence in their favor on these specific issues. Thus, the trial court and the jury heard evidence on both sides. The jury made its finding, and the trial court found that verdict to be not contrary to the great weight of the evidence. We have no reason to hold that the trial court abused its discretion in denying the motion for new trial. *See Dawsey*, 782 F.2d at 1261–62.

### IV

In conclusion, it was not manifest error to exclude Dr. Dvonch's testimony on the ultimate issues of negligence, proximate causation, and gross negligence. Furthermore, evidence supports the jury's verdict as to the claims of failure to inform and other negligence. Therefore, the trial court's denial of the motion for new trial was not an abuse of discretion. We thus find no merit in this appeal, and the judgment of the district court is

AFFIRMED.