NUMBER 13-02-582-CV
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
BOBBIE GILL,                                                                              Appellant,
v.
ROBERT SLOVAK,                                                                        Appellee.



On appeal from the County Court at Law No 4
of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Rodriguez and Garza
                              Opinion by Chief Justice Valdez
          
          This is an appeal of a judgment granted in favor of appellant, Bobbie Gill, against
appellee, Robert Slovak, in relation to a personal injury suit. In three issues, appellant
asserts the trial court: (1) abused its discretion by admitting unreliable expert testimony
from an unqualified expert witness; (2) erred by refusing to grant appellant’s motion for a
new trial when the trial court’s damage award was manifestly inadequate and clearly
against the great weight and preponderance of the evidence; and (3) abused its discretion
by refusing to allow appellant to cross-examine appellee’s expert witness, regarding
payment by an insurance company, to show bias or prejudice. We affirm.
I. Factual and Procedural Background 
          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite them here except as necessary to advise the parties of the Court’s decision and
the basic reasons for it. See Tex. R. App. P. 47.4.
II. Analysis 
1. Expert Testimony
          Appellant’s first issue asserts the trial court abused its discretion by admitting
unreliable expert testimony from an unqualified expert witness. The parties contest
whether this issue is properly before this Court. Appellee asserts any potential error was
waived when appellant elicited Dr. McNish’s testimony.


 Appellant contends: (1) the error
was properly preserved when the trial court overruled his motion to exclude the testimony
at the pretrial Robinson


 hearing; and (2) this Court should recognize the waiver exception
articulated in Reyes v. Missouri Pac. R.R. Co., 589 F.2d 791, 793 n.2 (5th Cir. 1979)
(reviewing Fed. R. Evid. 103 and concluding plaintiff does not waive or invite error by
introducing evidence after trial court has overruled an evidentiary objection on that
evidence).
Law on Waiver
          A party on appeal should not be heard to complain of the admission of improper
evidence offered by the other side, when that party introduced the same evidence or
evidence of a similar character. Southwestern Elec. Power Co. v. Burlington N. R.R. Co.,
966 S.W.2d 467, 473 (Tex. 1998); McInnes v. Yamaha Motor Corp., U.S.A., 673 S.W.2d
185, 188 (Tex. 1984). Similarly, when a party elicits testimony from a witness, that party
should not later be allowed to complain of the admission of an unfavorable answer.
Birchfield v. Texarkana Mem’l Hosp., 747 S.W.2d 361, 365 (Tex. 1987). Accordingly, a
party is not entitled to complain of responsive answers to questions that party asked the
witness on cross-examination. Varel Mfg. Co. v. Acetylene Oxygen Co., 990 S.W.2d 486,
499 (Tex. App.–Corpus Christi 1999, no pet.).
Analysis
          At trial, the testimony elicited by appellant from Dr. McNish covered Dr. McNish’s
qualifications to provide an expert opinion on the subject matter, the basis of his analysis
and his ultimate conclusion. By eliciting the complained-of testimony from Dr. McNish,
appellant waived his right to present the issue on appeal. See id. Texas law is clear, and
we refuse to adopt the exception to waiver rule advanced by the Fifth Circuit in Reyes. 
Accordingly, we overrule appellant’s first issue.
2. Motion for New Trial
          In his second issue, appellant asserts the trial court erred by refusing to grant
appellant’s motion for a new trial when the trial court’s damage award was manifestly
inadequate and clearly against the great weight and preponderance of the evidence. The
basis of appellant’s complaint is that Dr. McNish’s causation related testimony regarding
appellant’s injuries constitutes no-evidence under the competency requirements of
Havner,


 and thus, undisputed evidence supports amounts substantially greater than those
awarded by the trial court. 
Analysis
          We have concluded that appellant waived his right to complain of the admission of
Dr. McNish’s testimony, and thus, appellant cannot assert Dr. McNish’s testimony
constitutes no-evidence of causation of damages. See Varel Mfg. Co., 990 S.W.2d at 499.
Further, appellant is requesting a factual sufficiency review of the evidence to support the
trial court’s “inadequate” damage awards. See Golden Eagle Archery, Inc. v. Jackson,116
S.W.3d 757, 771-75 (Tex. 2003). Appellant failed to articulate a standard of review, 
provide citation to authority to substantiate that standard of review, and provide substantive
analysis within that standard of review. Thus, appellant has waived his right to our review. 
See Tex. R. App. P. 38.1(h); Knie v. Piskun, 23 S.W.3d 455, 460 (Tex. App.–Amarillo 2000,
pet. denied). Accordingly, we overrule appellant’s second issue. 
3. Cross Examination
          Appellant’s final issue asserts the trial court abused its discretion by refusing to
allow appellant to cross examine appellee’s expert witness, regarding payment by an
insurance company, in order to show bias or prejudice. Again, appellant failed to articulate
a standard of review, provide citation to authority to substantiate that standard of review,
and provide substantive analysis within that standard of review. Thus, appellant has
waived his right to our review of this issue. See Tex. R. App. P. 38.1(h); Piskun, 23 S.W.3d
at 460. Accordingly, we overrule appellant’s third issue. 
III. Conclusion
We affirm the judgment of the trial court.
 
 
                                                                                                                                           
                                                                                      Rogelio Valdez
                                                                                      Chief Justice
 
Memorandum Opinion delivered and filed
this 22nd day of December, 2004