NO. 07-03-0098-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 28, 2005

_____

THEODORE COOK, APPELLANT

V.

U-HAUL OF WEST TEXAS, INC., APPELLEE

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 96-555,661; HONORABLE MACKEY HANCOCK, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a jury trial, Theodore Cook appeals the judgment of the trial court that he recover nothing on his action for breach of contract and wrongful foreclosure against U-Haul of West Texas, Inc.  Presenting ten issues, Cook contends the trial court erred in

denying and overruling his motions for new trial and motions for judgment notwithstanding the evidence on multiple grounds.[1] We affirm.

On November 29, 1989, Cook signed a Storage Customer Application and a Storage Rental Contract with U-Haul covering space no. 561 at the U-Haul facility at 1613 34th St. in Lubbock at a rental of $20 per month, to be paid by a monthly charge on Cook's credit card, for a term of one month and as long as continued thereafter on a month to month basis. Cook provided his daughter's address and phone number for both his contact information and his emergency contact information. Per application, which was expressly incorporated into the continuation agreements, Cook agreed to comply with all regulations of U-Haul including his responsibility to notify U-Haul in writing of any change of address. Thereafter, the monthly rentals continued until November 1995. In September 1991, Cook's daughter moved from the address given in the application and contract but neither Cook nor his daughter notified U-Haul of the change in contact information.

Beginning in November 1995, Cook's monthly rental payments ceased. U-Haul maintained that it made repeated attempts to debit Cook's account, but that each attempt was unsuccessful. U-Haul also contended that it made numerous unsuccessful attempts to contact Cook. Among other things, Cook contended that the responsibility for effecting payment rested with U-Haul by virtue of his authorization. When all efforts to contact Cook

---

[1]Controlling issues restated below.

or his daughter failed, U-Haul proceeded to enforce its lien and conduct a foreclosure sale of the contents stored in the rental space, which later prompted Cook's suit.

By his live pleading, Cook sought to recover his damages alleging breach of contract, claims under the Texas Deceptive Trade Practices Act, conversion and violations of Chapter 59 of the Texas Property Code. In response, among other things, in addition to a general denial and affirmative defense, U-Haul also alleged Cook had failed to plead compliance with all conditions precedent per Rule 54 of the Texas Rules of Civil Procedure, and asserted that Cook had failed to advise U-Haul in writing or otherwise, of his change of address and change of telephone number, and that he had failed to pay the rentals or provide a credit card from which charges for November and December 1995 and January 1996 could be made. By its answer to ten questions, the jury found that (1) U-Haul did not fail to comply with the contract, (2) U-Haul's failure to comply, if any, was excused, (3) U-Haul failed to comply with its duty to perform the terms of the contract with care, skill, and reasonable expedience, (4) but its failure was not a proximate cause of damages to Cook, (5) U-Haul did not declare an unenforceable lien on the contents of the storage unit, (6) U-Haul did not fail to deliver notice to Cook, (7) per instruction, did not answer question of producing cause of damages, (8) per instructions, did not answer question eight, (9) U-Haul did not wrongfully assume and exercise dominion and control over Cook's property, and (10) $25,000 would fairly and reasonably compensate Cook for

3

his damages that "resulted from the occurrence in question."[2]  Based on the jury's answers, the trial court rendered judgment that Cook take nothing.

By issue one, Cook contends the trial court erred in overruling his motion for judgment notwithstanding the verdict because the evidence established the lack of the required statutory notification as a matter of law.  Then, by his second issue, he contends the trial court erred in overruling his motion for new trial because the jury finding that U-Haul had complied with the statutory notice on the non-judicial foreclosure sale was contrary to the evidence as a matter of law and, alternatively, was against the great weight and preponderance of the evidence.  We disagree.

Cook's exhibits two and three introduced by him for all purposes provided, among other things, that U-Haul was given a contractual landlord's lien upon all property stored at the facility to secure the payment of all rentals and that the liens and rights were in addition to any statutory liens.  Further, Cook assumed the duty to notify U-Haul in writing of any change of address per his agreement to comply with the U-Haul storage regulations.  However, Cook's issues are directed to a statutory lien, not the contractual lien.

---

[2]The jury also found $12,500 attorney's fees in the trial court but none on appeal.

Moreover, Cook expressly plead that U-Haul did not comply with sections 59.042 through 59.045 of the Texas Property Code and that such failure was a proximate cause of damages. However, Cook's failure to request an issue at trial regarding its claim of non-compliance with section 59.043 waived that issue for purposes of appeal. Tubb v. Bartlett, 862 S.W.2d 740, 750 (Tex.App.--El Paso 1993, writ denied). Further, even if U-Haul did not comply with section 59.043, a question we need not decide, any failure would not be reversible error per Rule 44.1 of the Texas Rules of Appellate Procedure because by its answer to question four, the jury found that the failure, if any, of U-Haul to comply with the contract was not a proximate cause of any damages to Cook. Issues one and two are overruled.

By issues three, four, five, and six, presented as a group, Cook challenges the jury finding to question one that U-Haul did not fail to comply with the storage rental contract. By his issues, he contends that the contrary was established as a matter of law or that the jury's answer was against the great weight and preponderance of the evidence. We disagree.

As support for his contentions, Cook alleges the contract signed by him did not require him to notify U-Haul of his change of address or telephone number. Then, he argues that he was not in default and that U-Haul's reliance on such default was not justified. However, he overlooks that he himself introduced exhibits (1) application (2) contract, and (3) continuation contract, without making a request that they be admitted for

5

any limited purpose. Accordingly, they were before the jury for all purposes. Tex. R. Evid. 105(a); Birchfield v. Texarkana Memorial Hosp., 747 S.W.2d 361, 365 (Tex. 1987).

As material here, by the application, Cook agreed to abide by the U-Haul regulation that he would be responsible to notify U-Haul in writing of any change of address. Further, the contract which he signed expressly incorporated the rental application in the contract Issues three, four, five, and six are overruled.

By issues seven and eight, Cook contends that U-Haul converted his property as a matter of law or that the jury finding was against the great weight and preponderance of the evidence. We disagree. Cook challenges the jury's finding to question nine that U-Haul did not wrongfully assume and exercise dominion and control over his property. He then argues that U-Haul had the burden to prove its right to the goods by a valid foreclosure of its statutory lien. However, as submitted to the jury, the burden of proof was not placed on U-Haul and Cook did not object to the question as submitted at the charge conference.

The contracts introduced by Cook and admitted for all purposes contained provisions granting U-Haul a contractual lien to secure the payment of all rentals, provided that the property stored "may be sold to satisfy the lien if the occupant is in default for 30 days or more," and the continuation contracts state that the contract lien is in addition to all statutory liens.

6

Moreover, even if the provisions of Chapter 59 of the Texas Property Code are controlling, a question we do not decide here, Cook's argument does not detail or identify in what respect he contends U-Haul failed to comply with the statute. Further, even if the statute is controlling, Cook does not identify in what respect the acts of U-Haul were deficient. Finally, we have not overlooked the several cases cited by Cook, but we do note that all of those cases consider foreclosure of statutory liens, not contractual liens. Accordingly, issues seven and eight are overruled.

Our disposition of the foregoing issues pretermits our consideration of Cook's remaining issues. Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Johnson, C.J., not participating.