Sanders v. Home Depot

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-196-CV

EUGENE CARL SANDERS APPELLANT

V.

HOME DEPOT U.S.A., INC.

AND JAN PATTERSON APPELLEES

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM 
OPINION
(footnote: 1)

------------

Eugene Carl Sanders appeals from a no-evidence summary judgment for appellees Home Depot USA, Inc. and Jan Patterson.  In two issues, Sanders contends that the summary judgment is improper because there are material fact issues regarding whether appellees’ negligence caused Sanders’s injuries and that the trial court abused its discretion by striking the affidavit of Sanders’s expert.  In a single issue, appellees complain that the trial court erred by denying their objections to some of Sanders’s summary judgment evidence. We will affirm.

Sanders claims to have suffered back injuries as a result of lifting a treated lumber post by himself during the course and scope of his employment at Home Depot.  He asserts that his injuries have left him disabled and have required two major surgeries and ongoing medical treatment.  Home Depot is a nonsubscriber under the Texas Workers’ Compensation Act; therefore, Sanders sued Home Depot and Jan Patterson, a store manager, for negligence, alleging that they had failed to provide him a safe work place; failed to provide sufficient assistance or staffing to prevent his injuries; failed to properly train or supervise him; and failed to warn him of “any dangers.”  Appellees moved for a no-evidence summary judgment, asserting that there was no evidence of the breach and causation elements of Sanders’s claim. 

Sanders filed a response to appellees’ summary judgment motion, to which he attached evidence, including the affidavit of Dennis Fetzer, his expert witness.  Appellees objected to Sanders’s evidence.  After giving Sanders the opportunity to supplement his summary judgment evidence, the trial court sustained appellees’ objections to Fetzer’s affidavit and granted appellees a no-evidence summary judgment on Sanders’s claims.  This appeal followed.

In his second issue, Sanders complains that the trial court abused its discretion
(footnote: 2) by sustaining appellees’ objections to Fetzer’s affidavit.  Appellees objected to Fetzer’s affidavit on several grounds, including that Fetzer was not qualified as an expert witness, that his opinions were not reliable, and that his conclusory opinions concerning proximate cause were not evidence. 

Sanders does not address any of these objections on appeal.  Instead, he simply argues that Fetzer’s affidavit was admissible because it was “confined to the relevant issues[,] . . . based on proper legal concepts[, and] . . . will assist the trier of fact to understand the evidence and determine the facts in issue.”
(footnote: 3)  We do not reach the issue of whether Fetzer’s affidavit was relevant because the threshold issues—whether Fetzer was qualified to opine concerning the cause of injury and whether his opinions are reliable
(footnote: 4)—are waived due to inadequate briefing.  Sanders does not contend that Fetzer was qualified to opine concerning the cause of injury, nor does he provide any argument or legal authority for his one-phrase contention that Fetzer’s opinions are reliable.
(footnote: 5) Accordingly, we overrule Sanders’s second issue.

In his first issue, Sanders complains that the trial court erred in granting appellees a no-evidence summary judgment because the summary judgment evidence raised a genuine issue of material fact concerning whether appellees’ negligence caused Sanders’s injuries. 

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.
(footnote: 6)  The motion must specifically state the elements for which there is no evidence.
(footnote: 7)  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.
(footnote: 8)
 We review the evidence in the light most favorable to the party against whom the no evidence summary judgment was rendered.
(footnote: 9)  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no evidence summary judgment is not proper.
(footnote: 10)
 The common law doctrine of negligence consists of three elements:  1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damages proximately resulting from the breach.
(footnote: 11)  Appellees moved for a no-evidence summary judgment on the breach and proximate cause elements of Sanders’s negligence claim. 

To establish proximate cause, the plaintiff must prove foreseeability and cause-in-fact.
(footnote: 12)  The test for foreseeability is whether a person of ordinary intelligence would have anticipated the danger his or her negligence created;
(footnote: 13) however, the person need not have anticipated the specific injury that occurred.
(footnote: 14)  Cause-in-fact means that the act or omission was a substantial factor in producing the injury and without which the harm would not have occurred.
(footnote: 15)  When the failure to provide a safe workplace, equipment, or manpower is alleged as the cause of a lifting injury, medical or expert testimony is required to link the omission to the injury.
(footnote: 16) The employee’s testimony regarding these alleged failures as causes of injury is mere conjecture and cannot be used to show proximate cause.
(footnote: 17)
 In this case, although Sanders alleged that appellees failed to warn, train, or properly supervise him, there is no competent evidence that appellees failed to do these things.
(footnote: 18)  Moreover, Sanders testified by affidavit that he had worked in the construction business and around construction materials for over twenty years, and he opined regarding the equipment or manpower appellees should have provided to enable him to lift the post safely.   Although employee opinions generally are not evidence of causation,
(footnote: 19) Sanders’s testimony is, if anything, evidence that he knew of the dangers associated with lifting a treated post and how to do it safely.  Therefore, Sanders has not raised a fact issue concerning whether appellees’ alleged failure to warn, supervise, or train him caused his injuries.

Further, there is no medical or other expert testimony linking appellees’ alleged failures to provide a safe workplace or adequate manpower or equipment to Sanders’s injuries.  Sanders contends that medical opinion testimony regarding the cause of his injuries is contained in a January 2000 letter from Dr. Roland F. Chalifoux, Jr., a neurosurgeon, to Dr. Jeanine Thomas, Sanders’s treating physician.  The letter shows, however, that Dr. Chalifoux’s “opinion,” regarding the cause of Sanders’s injuries is not his expert opinion at all, but is based entirely on Sanders’s self-reporting.

For example, Dr. Chalifoux’s letter states, “The patient presents today after undergoing a work related injury at Home Depot.  
Apparently,
 he suffered injuries while lifting a heavy object.  It was a fence post that weighed approximately 75 . . . lbs.”  [Emphasis supplied.]  This equivocal language is not medical opinion based on a reasonable medical probability, which is what is required to establish causation.
(footnote: 20)  Moreover, Dr. Chalifoux’s letter offers no opinion concerning whether Sanders’s injuries could have been avoided through the use of additional manpower or equipment.

For the foregoing reasons, we hold that Sanders’s summary judgment evidence does not raise a fact issue regarding the cause of his injuries. Therefore, the trial court properly granted appellees a no-evidence summary judgment on the causation element of Sanders’s negligence claim.
(footnote: 21)  We overrule Sanders’s first issue and affirm the trial court’s judgment.
(footnote: 22)

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED: May 12, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Nat’l Liab. & Fire Ins. Co. v. Allen,
 15 S.W.3d 525, 527 (Tex. 2000) (holding that decision to exclude evidence is within trial court's sound discretion).

3:
See
 
Tex. R. Evid.
 702, 704; 
see also Birchfield v. Texarkana Mem’l Hosp.,
 747 S.W.2d 361, 365 (Tex. 1987) (holding that expert may state opinion on mixed question of law and fact as long as opinion is confined to relevant issues and based on proper legal concepts).

4:
See Merrell Dow Pharms., Inc. v. Havner,
 953 S.W.2d 706, 720 (Tex. 1997) (holding that plaintiff must present reliable evidence to establish fact issue regarding causation), 
cert. denied,
 523 U.S. 1119 (1998); 
E.I. du Pont de Nemours & Co. v. Robinson,
 923 S.W.2d 549, 553-54 (Tex. 1995) (stating that trial courts must ensure that expert testimony is reliable before admitting it); 
see also
 
Tex. R. Evid.
 705(c) (precluding admission of expert opinion that is not based on a reliable foundation).

5:
See
 
Tex. R. App. P.
 33.1(h) (providing that appellate brief must contain clear, concise argument for contentions made, with appropriate citations to legal authorities); 
Fredonia State Bank v. Gen. Am. Life Ins. Co.,
 881 S.W.2d 279, 284 (Tex. 1994) (citing long-standing rule that error may be waived by inadequate briefing).

6:
Tex. R. Civ. P.
 166a(i).

7:
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).

8:
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002).

9:
King Ranch, Inc. v. Chapman
, 118 S.W.3d 742, 751 (Tex. 2003), 
cert. denied
, 124 S. Ct. 2097 (2004); 
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).

10:
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied).

11:
Greater Houston Transp. Co. v. Phillips,
 801 S.W.2d 523, 525 (Tex. 1990); 
Seaway Prods. Pipeline Co. v. Hanley,
 153 S.W.3d 643, 649 (Tex. App.—Fort Worth 2004, no pet.).

12:
Leitch v. Hornsby
, 935 S.W.2d 114, 118-19 (Tex. 1996).

13:
S.W. Key Program, Inc. v. Gil-Perez,
 81 S.W.3d 269, 274 (Tex. 2002).

14:
Lawrence v. City of Wichita Falls,
 122 S.W.3d 322, 329 (Tex. App.—Fort Worth 2003, pet. denied).

15:
Seaway Prods. Pipeline Co.,
 153 S.W.3d at 657.

16:
Leitch,
 935 S.W.2d at 119; 
Lewis v. Randall’s Food & Drug, L.P.,
 No. 14-03-00626-CV, 2004 WL 1834290, at *5 (Tex. App.—Houston [14th Dist.] Aug. 17, 2004, no pet.) (mem. op.); 
Collins v. Baptist Hosp. of S.E. Tex.,
 No. 09-98-00069-CV, 2000 WL 84881, at *2 (Tex. App.—Beaumont Jan. 27, 2000, no pet.) (not designated for publication). 

17:
Barraza v. Eureka Co.,
 25 S.W.3d 225, 232 (Tex. App.—El Paso 2000, pet. denied).

18:
Sanders asserts that Fetzer testified regarding appellees’ failings in these areas; however, because we have concluded that the trial court was within its discretion in striking Fetzer’s affidavit testimony, we will not consider Fetzer’s affidavit in determining the propriety of the no-evidence summary judgment.

19:
See Barrazza,
 25 S.W.3d at 232.  Sanders does not claim to be an expert.

20:
See Park Place Hosp. v. Estate of Milo
, 909 S.W.2d 508, 511 (Tex. 1995); 
Lenger v. Physician’s Gen. Hosp., Inc.,
 455 S.W.2d 703, 706 (Tex. 1970); 
Marvelli v. Alston
, 100 S.W.3d 460, 470 (Tex. App.—Fort Worth 2003, pet. denied).

21:
See
 
Tex. R. Civ. P.
 166a(I) & cmt.; 
S.W. Elec. Power Co., 
73 S.W.3d at 215.

22:
Appellees contend that Patterson is not liable to Sanders because Patterson breached no independent duty owed to him.  We do not reach this argument—or appellees’ issue regarding Sanders’s other summary judgment evidence—because they are not necessary to our disposition of the appeal.  
See
 
Tex. R. App. P.
 47.1.