**Affirmed and Memorandum Opinion filed July 20, 2017.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00859-CV

## IN THE MATTER OF THE MARRIAGE OF JOHNNIE J. MOORE AND KATHALEAN G. MOORE

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-00295**

## M E M O R A N D U M   O P I N I O N

Appellant Johnnie J. Moore (Johnnie) sued appellee Kathalean G. Moore (Kathalean) to enforce an agreement incident to divorce incorporated into their final decree of divorce, and Kathalean countersued for enforcement of the property division. Following a jury trial, the trial court entered a judgment awarding Johnnie damages for conversion and awarding Kathalean damages for breach of contract. On appeal, Johnnie contends that the trial court erred by denying his motion to disregard the jury's answer and by failing to grant judgment on jury findings awarding damages for his claims of breach of contract and civil theft. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 19, 2010, Johnnie and Kathalean entered into an Agreed Decree of Divorce (the Decree), which incorporated by reference an Agreement Incident to Divorce (the Agreement). In the Agreement, Johnnie was awarded the marital residence located at 5031 Cedar Creek, Houston, Texas 77057, including listed property, with Kathalean having the exclusive right to use of the residence for thirty days. As part of the property settlement, Kathalean was awarded the sum of $1,400,000.00, to be paid in various payments and installments as provided in the Agreement.

Several years later, Johnnie sued for enforcement of the Agreement and in the alternative, breach of contract, conversion, and civil theft. Johnnie alleged that when he arrived to take possession of the residence on April 19, 2010, he discovered that Kathalean had completely stripped the home of its fixtures and left it "in shambles." Kathalean filed a counter petition for enforcement and in the alternative, breach of contract. Kathalean alleged that Johnnie had failed to pay Kathalean $665,960.00 of the money that was awarded to her in the Decree.

The case was tried to a jury over four days. The jury returned a verdict in favor of both parties on all claims, including the claims pleaded in the alternative. Johnnie filed a motion to disregard the jury's finding that he breached the Agreement, which the trial court denied. Johnnie also filed objections to Kathalean's proposed final judgment, arguing that the judgment did not conform to the verdict because it did not include an award of damages to Johnnie on his claims of breach of contract and civil theft. The trial court overruled Johnnie's objections.

On September 11, 2015, the trial court signed a judgment awarding Johnnie $183,600.00 on his conversion claim and awarding Kathalean $650,000.00 on her breach-of-contract claim. This appeal followed.

On appeal, Johnnie raises two issues. First, Johnnie contends that the trial court erred by denying his motion to disregard the jury's finding that he breached the Agreement. Second, Johnnie contends that the trial court erred by disregarding the jury verdict and effectively granting a judgment notwithstanding the verdict when the trial court failed to grant judgment on the jury findings and awards of damages to him for his claims of breach of contract and civil theft.

## I.    The Motion to Disregard the Jury Answer

In his first issue, Johnnie argues that the trial court erred by denying his motion to disregard the jury's finding that Johnnie breached the Agreement on the basis that the question was immaterial because it called for a finding on a question of law. The jury found that both Johnnie and Kathalean breached the Agreement. Johnnie maintains that because he sued on the Agreement as a contract, and Kathalean materially breached the contract first, he is excused from performance as a matter of law. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004) ("It is a fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance.") (citing *Hernandez v. Gulf Grp. Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994)).

The contention that a party to a contract is excused from performance because of a prior material breach by the other contracting party is an affirmative defense that must be pleaded. *See* Tex. R. Civ. P. 94; *Bartlett v. Bartlett*, 465 S.W.3d 745, 752 n.8 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Compass Bank v. MFP Fin. Servs, Inc.*, 152 S.W.3d 844, 853 (Tex. App.—Dallas 2005, pet. denied); *RE/MAX of Tex., Inc. v. Katar Corp.*, 961 S.W.2d 324, 327 (Tex. App.—Houston [1st Dist.] 1997, pet. denied); *see also Tony Gullo Motors I, L.P. v. Chapa*, 212

S.W.3d 299, 314 (Tex. 2006) (recognizing prior material breach as an affirmative defense); *Danford Maint. Serv., Inc. v Dow Chem. Co.*, No. 14-12-00507-CV, 2013 WL6388381, at *9 (Tex. App.—Houston [14th Dist.] Nov. 21, 2013, pet. denied) (mem. op.) (same). If an affirmative defense is not pleaded or tried by consent, it is waived. *Compass Bank*, 152 S.W.3d at 853; *REMAX*, 961 S.W.2d at 327–28.

In his motion to disregard the jury's finding that Johnnie breached the Agreement, Johnnie did not assert that he had pleaded this affirmative defense, nor did he assert that this defense had been tried by consent. Even under a liberal construction of Johnnie's pleadings, Johnnie did not plead prior material breach or excuse in response to Kathalean's contract claim. Therefore, Johnnie waived this defense unless it was tried by consent. *See Bartlett*, 465 S.W.3d at 752 n.8.

If issues not raised by the pleadings are tried by express or implied consent of the parties, these issues shall be treated as if they had been raised by the pleadings. *See* Tex. R. Civ. P. 67, 301; *Baltzer v. Medina*, 240 S.W.3d 469, 476 (Tex. App.—Houston [14th Dist.] 2007, no pet.). To determine whether the issue was tried by consent, we must examine the record not for evidence of the issue, but rather for evidence of trial of the issue. *Greene v. Young*, 174 S.W.3d 291, 301 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

The jury was not asked to determine who committed the first material breach of the Agreement or when either party breached the Agreement. The record does not reflect that the issue of whether Kathalean materially breached the Agreement before Johnnie breached the Agreement was tried by consent. *See id.* Therefore, Johnnie waived this affirmative defense, and the trial court did not err in denying the motion to disregard the jury's finding that Johnnie breached the Agreement. *See Bartlett*, 465 S.W.3d at 752 n.8; *Greene*, 174 S.W.3d at 301.

Even if Johnnie had pleaded this defense or the defense was tried by consent,

4

to disregard this jury finding, the trial evidence would have had to conclusively prove that Kathalean materially breached the Agreement before Johnnie breached the Agreement. Johnnie does not point to any evidence that Kathalean breached the Agreement first. We note that in her counter-petition Kathalean alleged that Johnnie failed to make two payments before April 19, 2010, the date Kathalean surrendered the residence. Because the trial evidence does not conclusively prove that Kathalean materially breached the Agreement before Johnnie breached the Agreement, the trial court would not have erred in denying the motion even if Johnnie had not waived this affirmative defense.

We conclude that the trial court did not err in denying Johnnie's motion to disregard the jury's answer and overrule Johnnie's first issue.

## II. The Trial Court's Disregard of Jury Findings on Breach of Contract and Civil Theft

In his second issue, Johnnie contends that the trial court erred by disregarding the jury's findings in Johnnie's favor on his claims of breach of contract and civil theft. Johnnie claims that the trial court essentially granted a judgment notwithstanding the verdict on those claims, but he does not provide any substantive analysis of this issue. Nor does he argue or direct us to any evidence that he was entitled to recover distinct damages for each of the three claims.

In Texas, a party is generally entitled to pursue damages through alternative theories of recovery, but it is not entitled to more than one recovery for the same injury. *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998); *see Chapa*, 212 S.W.3d at 303 ("There can be but one recovery for one injury, and the fact that . . . there may be more than one theory of liability[ ] does not modify this rule." (alteration in original) (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 8 (Tex. 1991))). If a party pleads multiple theories of

recovery for a single injury and does not elect his remedies before the trial court proceeds to judgment, then the trial court should render the judgment offering the greatest recovery. *Birchfield v. Texarkana Mem'l Hosp.*, 747 S.W.2d 361, 367 (Tex. 1987).

Johnnie's claims for conversion, breach of contract, and civil theft relied on the same injuries arising from the same facts and the same measure of damages, namely, Kathalean's actions in removing various items from the residence and the resulting damages to the property. The jury found that Kathalean committed conversion, breach of contract, and civil theft, awarding damages of $183,600.00, $136,592.00, and $25,000.00, respectively. The jury's damages award for the conversion claim provided the greatest recovery, and the trial court's judgment awarded Johnnie damages based on that claim. On these facts, we hold that the trial court did not err by rendering a judgment in Johnnie's favor on the conversion claim only. *See Birchfield*, 747 S.W.2d at 367; *see also Lundy v. Masson*, 260 S.W.3d 482, 506 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) ("The one satisfaction rule may limit a plaintiff's recovery even where the amounts awarded vary from claim to claim."). We overrule Johnnie's second issue.

## CONCLUSION

We overrule Johnnie's issues and affirm the trial court's judgment.


/s/     Ken Wise
        Justice


Panel consists of Chief Justice Frost and Justices Donovan and Wise.